UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KIRK MANUEL, and DEANGELO MANUEL

      Plaintiffs,

v.                                                                                          CASE NO:
                                                                                HONORABLE:

MICHAEL DANIELS, BRYON BIEREMA,
and JAMES GILLESPIE in their individual
and official capacities,

      Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiffs, **KIRK MANUEL and DEANGELO MANUEL**, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their *Complaint* against the above-named Defendants states as follows:

1. Plaintiffs are currently residents of the City of Lexa, County of Phillips, State of Arkansas.

1

2. Defendants Michael Daniels, Bryon Bierema, and James Gillespie are and/or were police officers working and/or assigned to the Michigan State Police, and at all times mentioned herein were acting under color of law, in their individual capacities, and within the course and scope of their employment.

3. That all events giving rise to this lawsuit occurred in the State of Michigan.

4. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

5. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

6. Plaintiffs are African-American males.

7. That on November 18, 2016, Plaintiff Kirk Manuel and his son Plaintiff Deangelo Manuel were lawfully travelling eastbound on Interstate 94 near mile marker 60, in the right lane.

8. Plaintiffs were traveling in a white minivan, driven by Plaintiff Kirk, transporting boxes of eggo frozen waffles to Covance Laboratory in Battle Creek Michigan.

9. At approximately 8:45 a.m., Defendant Daniels pulled Plaintiffs over for no reason.

10. After asking and receiving license and registration Defendant Daniels returned to his vehicle and ran Plaintiffs personal information.

11. Defendant Daniels then approached the passenger side of the vehicle where he asked if Plaintiff Kirk had ever been arrested and what is contained in the boxes and Plaintiff told him I believe it is waffles not knowing for sure as it could have been dough.

12. That during this time, Plaintiffs were on the phone with the Laboratory informing them that they would be arriving late talking to Katy.

13. Plaintiff Kirk respectfully offered Defendant Daniels his phone and suggested talking to the lab for proof of the contents of the boxes.

14. Defendant Daniels denied Plaintiff Kirk's offer told Kirk to hold tight and don't go anywhere then returned back to his vehicle where he apparently called for backup.

15. Twenty minutes later, Defendant Bierema arrived with his K-9.

16. At that time, Defendant Daniels ordered Plaintiff Kirk to step out of the vehicle.

17. Defendant Daniels asked Plaintiff Kirk if there was contraband in the vehicle to which he responded "no".  Defendant Daniels then stated, "Then I can search it?"  Plaintiff Kirk pointed to his vehicle and you're the police, I guess you'll do what you want to do resulting in Defendant Daniels conducting a search of the vehicle.

18. Subsequently, Defendant Daniels then ordered a pat down search on Plaintiff Kirk without his consent.

19. Defendant Daniels then ordered Plaintiff Deangelo to step out while he searched the vehicle and ordered a pat down on him without asking for his consent.

20. Defendant Bierema and his K-9 assisted Defendant Daniels in a continued search of the vehicle in which they did not find any contraband.

21. Shortly after, a third trooper, Defendant Gillespie, arrived on the scene and suggested Defendant Daniels to further search the cargo compartments on the back of the seats despite the a lack of indication from the K-9 for contraband.

22. Although Defendant Daniels refused Plaintiff Kirk's initial offer to talk to the laboratory on the phone, Defendant Daniels insisted on searching the contents of the boxes.

23. Plaintiff Kirk commented, "You are the police.  I can't tell you no."

24. Defendant Daniels cut open the boxes and searched through the contents along with having the K-9 put his nose in the box resulting in contamination of all the contents.

25. After not finding any contraband, Plaintiffs were released.

26. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiffs suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

29. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs Fourth Amendment rights when they unlawfully stopped Plaintiff without probable cause.

30. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they searched Plaintiffs without probable cause.

31. Defendants acted unreasonably when they violated Plaintiffs Fourth Amendment Rights when they detained/seized Plaintiffs without probable cause.

32. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

33. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their constitutional rights.

34. Due to Defendants' actions and/or inactions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

    Respectfully Submitted,
    CHRISTOPHER TRAINOR & ASSOCIATES

    **s/ Christopher J. Trainor**
    CHRISTOPHER J. TRAINOR (P42449)
    AMY J. DEROUIN (P70514)
    Attorneys for Plaintiff
    9750 Highland Road
    White Lake, MI  48386
    (248) 886-8650
    amy.derouin@cjtrainor.com

Dated:  October 26, 2018
CJT/*mdb*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

KIRK MANUEL, and DEANGELO MANUEL

      Plaintiff,

v.

MICHAEL DANIELS, BRYON BIEREMA,
and JAMES GILLESPIE in their individual
and official capacities,

      Defendants.

CASE NO:
HONORABLE:

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com |

## **DEMAND FOR TRIAL BY JURY**

6

**NOW COMES** Plaintiffs, **KIRK MANUEL and DEANGELO MANUEL**, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher J. Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        amy.derouin@cjtrainor.com

Dated:  October 26, 2018
CJT/*mdb*